UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK BETTINESCHI,

                Plaintiff,

      - against -

Swiss Re America Holding Corporation also known
as Suisse Re America Holding Corporation a.k.a
Swiss Reinsurance Company

                Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 07-CV-00862
(DLC)

*Jury Trial Demanded*

Plaintiff, **FRANK BETTINESCHI**, by and through his attorneys, **FRANK & ASSOCIATES, P.C.**, complains and alleges a cause of action as follows:

<u>Summary of Claims</u>

Defendant intentionally interfered with Plaintiff's exercise of the Family and Medical Leave Act rights and employment discrimination based on Plaintiff's disability and age.

    **I.    NATURE OF THE ACTION**

1.     Plaintiff brings this action to recover monetary damages, seeks affirmative and certain specifically limited injunctive relief based upon Defendant's violations of the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. § 2601, 2612 (a) (1)(D), *et seq.*, and for redress of Plaintiff's pendant State causes of action under Article 15 of the New York State Human Rights Law – Executive Law §§ 290, 292, 296 (a), (b), (15), (16) & 297 *et. seq.* ("NYSHRL") and for redress of Plaintiff's

pendant New York City causes of action under the New York City Human Rights Law N.Y.C. Adm. Code § 8-101, §§8-107(1) (a), (b) and (7), *et. seq.* ("NYCHRL"), New York Code Rules and Regulations 9 NYCRR §§ 466.11(i)(1) and 466.11(j)(3) and other appropriate rules, regulations, statutes and ordinances.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617, 28 U.S.C. § 1331 and CPLR § 302.

3. This court has jurisdiction over all State and City law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 because the defendant resides within New York County in the State of New York. Defendant conducts business and maintains numerous offices within New York County. At all relevant times, the Defendant has been engaged in industry affecting commerce and regularly engages in business within New York County.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

6. Plaintiff, **Frank Bettineschi** ("Plaintiff"), is an individual, a citizen of the State of New York, residing in Nassau County at all times pertinent hereto. Plaintiff is a forty-seven (47) year old man. Plaintiff, former employee of Defendant, managed an

eleven (11) person team of communication technology consultants that administered computer related functions and processes for Defendant including but not limited too training, supervision, protocol development, research, network maintenance, troubleshooting, upgrades and new technology purchases. Plaintiff was the Supervisor of Network Operations responsible for the Net Desk Group.

7. At all times relevant, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 2611(3); 28 USC § 203(e), NYSHRL § 292(6) and all other applicable definitions.

8. At all times relevant, Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4) (A), NYSHRL § 292(5), NYCHRL § 8-102(5) and all other applicable definitions.

9. At all times relevant, Plaintiff is and was a "person" within the meaning of NYSHRL § 292(1), NYCHRL § 8-102(1) and all other applicable definitions.

10. At all times relevant, Plaintiff suffered from a "serious health condition" within the meaning of 29 U.S.C. § 2611(11) and all other applicable definitions.

11. At all times relevant, Plaintiff suffered from a "disability" within the meaning of NYSHRL § 292(21), NYCHRL § 8-102(16) and all other applicable definitions.

12. At all times relevant, Defendant failed to "reasonably accommodate" Plaintiff within the meaning of NYSHRL § 292 (21)(e), NYCHRL § 8-102 (18) and all other applicable definitions.

13. Upon information and belief, Defendant, Swiss Re America Holding Corporation also known as Suisse Re America Corporation a.k.a Suisse Re America Corp a.k.a Swiss Reinsurance Company ("Defendant") is a foreign business corporation organized and

existing under the laws of the State of Delaware and registered with the State of New York Department of State with offices for the conduct of its business in the County of New York at Park Avenue Plaza 55 East 52nd Street, New York, NY 10055, as well as numerous other locations in New York and Westchester County. Defendant regularly engages and conducts business in New York County. Defendant states its principal place of business as Swiss Re American Holding Corporation, 175 King Street, Armonk, New York 10504, Westchester County.

14. Upon information and belief, at all times relevant, Defendant employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

15. Plaintiff worked directly for the Defendant since on or about July 26, 1999. Plaintiff worked for more than 1250 hours in the 12 months preceding his attempted request for FMLA leave due to certain injuries sustained while working for defendant.

16. Plaintiff was unlawfully terminated due to disability and age. Defendant willfully, intentionally and maliciously failed to allow Plaintiff to exercise FMLA rights after Defendant was put on notice of Plaintiff's disability and serious health condition.

### IV. FACTS

17. Plaintiff, over the age of forty (40), commenced employment with Defendant on or about July 26, 1999. Prior to becoming an actual employee of the Defendant, Plaintiff provided communications and technological support services to Defendant through a third party contractor for approximately seven (7) years. Over the course of Plaintiff's employment for Defendant, Plaintiff worked in several locations including

but not limited too the Atlanta Office, at least two New York County locations and Armonk, New York.

18. On or about January 9, 2006, Plaintiff suffered severe on the job injuries causing numerous cervical herniated discs. On or about January 15, 2006 Plaintiff advised his Supervisor, Risto Weiland and Human Resources Generalist Lauren Falcetta that Plaintiff sought medical attention. As a result of said medical consult, Plaintiff was ordered home and to stay out of work by the treating physician. Plaintiff advised Defendant he was unable to work due to the above serious health condition for which Plaintiff was and has been under continuous medical treatment. Plaintiff's cervical herniated discs incapacitate Plaintiff to the extent that he was unable to work, perform the essential functions of his position and other normal daily activities such as walking, sitting, caring for his spouse and two minor children. Plaintiff required surgery to fuse the injured discs in his back. Plaintiff attempted to request leave from Defendant. Defendant intentionally and unlawfully interfered with Plaintiff's right to FMLA leave and to health and medical coverage. Plaintiff was prevented from exercising his earned FMLA rights by Defendant, its agents, and employees.

19. On or about January 20, 2006, Plaintiff attempted to exercise his earned FMLA rights due to Plaintiff's on-going serious health condition by informing his Supervisor, Risto Weiland and Human Resources Generalist Lauren Falcetta that Plaintiff was unable to work, perform the essential functions of his position. Based on this interaction, Defendant through Supervisor/Manager Risto Weiland and Human Resources Generalist Lauren Falcetta terminated Plaintiff.

20. Defendant made no effort to reasonably accommodate Plaintiff. Plaintiff is still incapacitated by this serious health condition and continues to receive medical care and treatment.

21. Plaintiff, disabled before and at the time of his unlawful termination anticipated recovery had defendant afforded Plaintiff a reasonable accommodation in the form of reasonable time for recovery. *See* 9 NYCRR 466.11(i) (1).

22. Instead Defendant terminated Plaintiff.

23. Defendant failed to provide or offer Plaintiff a reasonable time to recover. New York City and other applicable regulations impose a duty upon the employer Defendant to reasonably accommodate known disabilities, where, as here, the need for the accommodation is known. *See* 9 NYCRR 466.11(j) (3).

24. Defendant knew of Plaintiff's injury on or about January 15, 2006.

25. Defendant failed to provide or even offer Plaintiff a reasonable accommodation.

26. Plaintiff fully intended to return to work provided he was afforded a reasonable accommodation to recover. Defendant not only failed to accommodate Plaintiff but further intentionally and unconscionably prevented Plaintiff from utilizing entitled FMLA leave and medical benefits to recover from the above injuries after his unlawful termination. Plaintiff was without income and benefits necessary to treat his injuries for an extended period of time due to Defendant's unconscionable conduct.

27. On or about January 25, 2006, Plaintiff received a letter dated January 23, 2006 from Defendant stating Plaintiff's employment was terminated as of January 20, 2006. The letter purposely and intentionally omitted any reason for Plaintiff's termination.

28. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

29. Plaintiff's termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615 and other relevant State and City laws. Plaintiff's termination was discriminatory on the basis of defendant's intentional interference of Plaintiff's attempt to avail himself of his protected medical leave rights under the FMLA.

30. Defendant unlawfully terminated Plaintiff's employment in retaliation for seeking leave due to a serious medical condition. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights.

31. Plaintiff had in the past taken leave for other medical issues. The summer prior to Plaintiff's unlawful termination, Plaintiff underwent surgery and took leave. Plaintiff was on leave but was asked to work from home nonetheless by Defendant.

32. Defendant unlawfully terminated Plaintiff's employment based on age discrimination. Plaintiff is over the age of 40 and as such is a member of a protected class. Plaintiff believes in part that he was terminated due to his age, potentially extended recovery time and related health conditions.

33. The termination of Plaintiff's employment by Defendant is discriminatory and unlawful in that it violated the FMLA, NYSHRL and NYCHRL, which guaranteed Plaintiff the right to leave for a serious medical condition, to be free from discrimination and harassment due to his age and disability.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(FMLA VIOLATION – DEFENDANT PREVENTED PLAINTIFF FROM EXERCISING RIGHTS SECURED UNDER THE FMLA)

34. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

35. On or about January 20, 2006, Defendant terminated Plaintiff's employment in retaliation for attempting to take FMLA leave for medical treatment due to a serious health condition as described above. Instead of accommodating Plaintiff under the law, Defendant, through its agents and employees unlawfully terminated protected Plaintiff.

36. Defendant violated its own policy when it interfered with Plaintiff's FMLA rights.

37. Defendant violated its own policy when it terminated Plaintiff.

38. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

39. The conduct of the Defendant was done in willful and conscious disregard of Plaintiff's rights. Defendant intentionally harassed and interfered with Plaintiff's FMLA rights and exacerbated Plaintiff's already serious health condition. Therefore, Plaintiff is entitled to: (a) equitable relief restoring Plaintiff to his position with Defendant, if practicable; (b) an award of lost wages and employment benefits plus interest; (c) liquidated damages in an additional amount equal to actual lost wages and benefits plus interest; and (d) reasonable attorney's fees, costs and disbursements, all in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (NYSHRL: TERMINATION FOR DISABILITY/DISABILITY DISCRIMIANTION – PENDANT New York STATE CAUSE OF ACTION)

40. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

41. Plaintiff has been discriminated against by Defendant by terminating his employment on the basis of his disability in violation of the NYSHRL.

42. Plaintiff is qualified as a disabled person under the applicable definition of disability. NYSHRL § 292 (21)

43. Defendant failed to accommodate Plaintiff. NYSHRL § 292 (21) (e) & NYCHRL § 8-102 (18)

44. In spite of Plaintiff's documented serious health condition, its severity, duration and need of medical treatment, Defendant unlawfully terminated Plaintiff after Defendant was put on notice of Plaintiff's condition. Defendant failed to provide any accommodation to Plaintiff and instead terminated Plaintiff. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights.

45. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

46. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment benefits plus interest in an amount to be determined at trial, but in no event less than $75,000.00.

47. As a further proximate cause of Defendant's discrimination, Plaintiff suffered and continues to suffer severe and lasting mental and physical anguish and other incidental and consequential damages, in an amount to be determined at trial, but in no event less than $500,000.

### THIRD CLAIM FOR RELIEF
(NYCHRL: TERMINATION FOR DISABILITY/DISABILITY DISCRIMINATION PENDANT NEW YORK CITY CAUSE OF ACTION)

48. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

49. Plaintiff has been discriminated against by Defendant by terminating his employment on the basis of his disability in violation of the NYCHRL.

50. At all relevant times hereto Plaintiff is qualified as a disabled person under the applicable definition of disability.   NYCHRL § 8-102 (16) and NYSHRL § 292 (21)(e)

51. Defendant at all relevant times hereto failed to provide Plaintiff accommodation reasonable or otherwise. NYSHRL § 292 (21)(e) and  NYCHRL § 8-102 (18)

52. Rather than accommodate; Plaintiff was unlawfully discharged.

53. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

54. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights. As a proximate result of Defendant's discrimination, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, bonuses and other employment

benefits plus interest in an amount to be determined at trial, but in no event less than $75,000.00. As a further proximate cause of Defendant's discrimination, Plaintiff suffered and continues to suffer severe and lasting mental and physical anguish and other incidental and consequential damages, in an amount to be determined at trial, but in no event less than $500,000. Plaintiff is further entitled to equitable relief restoring Plaintiff to his position with Defendant, if practicable, an award of compensatory and punitive damages, attorneys' fees, costs and disbursements, in an amount to be determined at trial, but in no event less than $500,000.

55. Plaintiff is entitled to the following including, but not limited to: reinstatement and rightful promotion of Plaintiff to the position he would have otherwise experienced but for Defendant's unlawful conduct; the award of back pay and front pay plus interest; Payment of compensatory damages and other just and proper remedial measure(s) under the law.

**FOURTH CLAIM FOR RELIEF**
(CAUSE OF ACTION FOR EMPLOYMENT DISCRIMINATION BASED ON AGE – PENDANT New York STATE CAUSE OF ACTION)

56. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

57. Plaintiff avers that Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, in violation of Article 15 of the New York State Executive Law, specifically Executive Law §§ 296 and 297, justifying an award for all economic loss, plus compensatory damages for emotional distress in an amount to be determined at trial.

58. Plaintiff is over 40 years old.

59. Plaintiff is a member of a protected class based on his age.

60. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

61. Plaintiff is and has been without employment income and certain benefits for over one (1) year.

62. The conduct of Defendant was willful and in conscious disregard of Plaintiff's rights.

63. As a proximate result of Defendant's conduct, Plaintiff is entitled to the following including but not limited too: re- hiring, reinstatement and or upgrading of Plaintiff to his former position and/or promoted position, if practicable, awarding compensatory damages and any other appropriate remedy under the law.

**FIFTH CLAIM FOR RELIEF**
(NYCHRL: EMPLOYMENT DISCRIMINATION BASED ON AGE - PENDANT NEW YORK CITY CAUSE OF ACTION)

64. Plaintiff repeats and realleges each and every allegation contained in this Complaint as if fully set forth herein.

65. Plaintiff avers that Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, in violation of New York City Human Rights Law N.Y.C. Adm. Code § 8-101, §§8-107(1) (a), (b) and (7), *et. seq.* ("NYCHRL") justifying an award for all economic loss plus interest and compensatory damages for emotional distress in an amount to be determined at trial.

66. Plaintiff is over 40 years old.

67. Plaintiff is a member of a protected class based on his age.

68. As a result of Defendant's adverse employment action taken against Plaintiff, Plaintiff has suffered unimaginable hardship and injury.

69. The conduct of Defendant is willful and in conscious disregard of Plaintiff's rights. As a proximate result of Defendant's conduct, Plaintiff is entitled to the following including but not limited too: re- hiring, reinstatement and or upgrading of Plaintiff to his former position and/or promoted position, if practicable, awarding compensatory damages and any other appropriate remedy under the law.

## VI. DEMAND FOR JURY TRIAL

70. Plaintiff repeats and realleges each and every allegation contained herein.

71. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff herein demands a trial by jury of all issues in this action.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment as follows:

    a. Declaring Defendant violated the aforementioned statutes, laws, rules and regulations;

    b. A permanent injunction enjoining Defendant, its agents, employee, officers and successors in interest and those acting in concert with Defendant, from engaging in the illegal and unlawful policies and violations of law described herein; Immediate Injunctive Relief preventing defendant from providing negative references to prospective employers in regard to unsubstantiated allegations surrounding Plaintiff's unlawful termination.

  c.  As to the First Claim for Relief (FMLA Claim): (a) damages in the amount of approximately $300,000 for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii); (b) Additional liquidated damages pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii); (c) Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B); (d) Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

  d.  As to the Second Claim for Relief (New York State Pendant Action for Disability Discrimination): Plaintiff is entitled to the following including, but not limited to: (a) equitable and injunctive relief restoring Plaintiff to his position with Defendant, if practicable; (b) actual damages for withheld past and future earnings until the date of Plaintiff's reinstatement to his job or a substantially equivalent position, bonuses and other supplemental employment benefits; and (c) incidental, consequential and compensatory damages, all in an amount to be determined at trial and such other relief as this Court may deem just and proper;

  e.  As to the Third Claim for Relief (New York City Pendant Action for Disability Discrimination): Plaintiff is entitled to the following including, but not limited to: (1) Hiring, reinstatement and/or promotion of Plaintiff; (2) The award of back pay and front pay; (3) Payment of compensatory damages; (4) a cease and desist Order; (5) Submission of reports with respect to the manner of compliance and any other appropriate remedy under law.

  f.  As to the Fourth Claim for Relief (New York State Pendant Action for Employment Discrimination Upon the basis of Age): a money judgment in an amount to be

determined at trial for compensatory, emotional distress plus expert fees, costs and disbursements and such other relief as this Court may deem just and proper;

g. As for the Fifth Claim for Relief (New York City Pendant Action for Employment Discrimination Upon the basis of Age): a money judgment in an amount to be determined at trial for compensatory, emotional distress plus expert fees, costs and disbursements;

h. With regard to all claims for relief, ordering Defendant to pay Plaintiff pre and post judgment interest;

i. For such other and further relief as the Court may deem just and proper.

Dated: Farmingdale, New York
February 2, 2007

FRANK & ASSOCIATES, P.C.
Attorneys for Plaintiff

_____
Neil M. Frank (0521)
500 Bi-County Blvd., Suite 112N
Farmingdale, New York 11735
(631) 756-0400